Max A. Burde and Berthe C. Burde, Petitioners v. Commissioner of Internal Revenue, Respondent. Bernard Weiss and Peggy S. Weiss, Petitioners v. Commissioner of Internal Revenue, Respondent.
Burde v. Commissioner of Internal Revenue
Docket Nos. 1364-62, 1365-62.
United States Tax Court
1965 Tax Ct. Memo LEXIS 322; 24 T.C.M. (CCH) 46; January 22, 1965
Order On December 30, 1964, the petitioners filed a "Motion for Reconsideration of Opinion"; a "Motion to Revise Opinion and Make Additional Finding of Facts"; and a "Motion to Vacate Decision." On consideration, the "Motion for Reconsideration of Opinion" is denied except to the extent that the Opinion [mimeographed copy, 43 T.C. No. 24, filed November 30, 1964] be amended by striking page 19 in its entirety and that portion of page 20 through the end of the first sentence, and inserting the following: we must regard the invention as owned in equal shares by the members of the partnership, namely, Emory, Berthe Burde (Burde's wife), and Peggy Weiss (Weiss' wife). Looking at the transaction from this standpoint, we find that (1) prior to the transfer of the bath oil invention, Emory, Burde and Weiss each were holders of a one-third interest therein and (2) immediately after the transfer Emory, Berthe and Peggy each were owners *324 of a one-third interest in said invention. We believe that, under the particular circumstances of this case and in view of the legislative history of the applicable statutory provisions, we are justified in treating the partnership as an aggregate of individuals, rather than as an entity. When Congress enacted section 1235 into law, it clearly indicated that it did not want the benefits of capital gains treatment to be available in connection with sales of patents within essentially the same economic group. See S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. 591), 83rd Cong., 2d Sess., p. 441 (1954) and H. Rept. No. 1337, to accompany H.R. 8300 (Pub. L. 591), 83rd Cong., 2d Sess., p. A281 (1954). We must, therefore, interpret section 1235 in accord with this manifest legislative intent. Although Congress, under the 1954 Code, decided to treat partnerships for a number of purposes as entities, [6] it is clear that Congress did not intend to do so for all purposes under the Code. See the 1954 Conference Report wherein the following statement was made: Both the House provisions and the Senate amendment [section 707] provide for the use of the "entity" approach in the treatment *325 of the transactions between a partner and a partnership which are described above. No inference is intended, however, that a partnership is to be considered as a separate entity for the purpose of applying other provisions of the internal revenue laws if the concept of the partnership as a collection of individuals is more appropriate for such provisions. An illustration of such a provision is section 543(a)(6), which treats income from the rental of property to shareholders as personal holding company income under certain conditions. [Conference Report, p. 59.] In view of the legislative history of section 1235, we believe that section is another provision of the Code under which it is more appropriate to treat a partnership as a collection of individuals rather than as an entity. On the basis of the foregoing we conclude that, for purposes of section 1235, Burde and Weiss each transferred their respective one-third interests in the bath oil to their spouses and that section 1235(a) is not applicable to their transfer. Even if we were to assume that the transfer to the Partnership had satisfied the literal requirements of section 1235, *326 we would, nevertheless, be required to determine whether the transaction satisfied those provisions of the Code dealing with transactions between controlled partnerships (section 707) before holding that Burde and Weiss were entitled to capital gains treatment on their transfer. Petitioners contend that section 1235, because it specifically deals with patents, takes precedence over any more general provisions of the Code and is the exclusive arbiter of transactions literally falling within its ambit. Petitioners also argue that, because section 1235(d) specifically describes the class of persons to whom sales may not be made, capital gains treatment is available in the case of sales to any persons not included in that description. We believe these arguments are untenable in light of Congress' intention to prevent capital gains treatment in the case of sales of patents within essentially the same economic group. It is far more reasonable, in our opinion, to interpret Congress' omission in section 1235(d) of any reference to controlled partnerships to its belief that transfers of patents from or to partnerships would be governed by section 707 rather than to an intention to permit *327 capital gains treatment upon sales of patents to controlled partnerships. It was necessary for Congress specifically to state that sales of patents between the persons described in section 1235(d) were not to qualify under section 1235(a); for there were no other Code provisions to prevent capital gains treatment in connection with such sales. However, because of the existence of section 707(b), it was not necessary for Congress to do so in the case of sales of patents involving partnerships. For this reason we believe that in order to qualify for capital gains treatment under section 1235, a transfer of a patent to a partnership must satisfy the provisions of section 707(b). In all other respects the Findings of Fact and Opinion remains as filed. And it is Ordered: That the "Motion to Revise Opinion and Make Additional Finding of Fact" and the "Motion to Vacate Decision" are denied. Footnotes
6. See e.g. sec. 707 or sec. 741.↩